IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARSHA SCAGGS, OA-0866, )
    Petitioner, )
     )
    v. ) 2:11-cv-871
     )
RHODA WINSTEAD, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Marsha Scaggs an inmate at the State Correctional Institution Cambridge Springs has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Scaggs is presently serving a life sentence imposed following her conviction, by a jury, of 2nd degree homicide, conspiracy, and firearms violations at No. CP-37-CR-755-1987 in the Court of Common Pleas of Lawrence County, Pennsylvania. This sentence was imposed on July 12, 1989.[1] The history of this prosecution is set forth in the October 29, 2009 Memorandum of the Superior Court, quoting the trial court, which is appended to the petition:

> Following a jury trial[,] [Scaggs] was found guilty of Murder in the second degree, Kidnapping, Carrying a Firearm without a License, and Criminal Conspiracy…
>
> On July 12, 1989, the trial court sentenced [Scaggs] to serve life imprisonment for the murder conviction and a consecutive sentence of two to five years imprisonment for the conspiracy conviction, and two to four years imprisonment for the firearms offense as modified on July 26, 1989). [Scaggs's] subsequent appeal to the Superior Court was affirmed. [Scaggs] then filed a Petition for Allowance of Appeal to the Pennsylvania Supreme, which denied [Scaggs's][P]etition [on] January 3, 1991.
>
> [Scaggs], acting pro se, filed a PCRA [P]etition on January 2, 1992, and the PCRA Court appointed counsel … to represent [Scaggs]…. [O]n July 17, 1992, counsel filed a motion to withdraw and a "no merit" letter with the Court. On July

---

[1] See: Petition at ¶¶ 1-6.

24, 1993, the PCRA Court ... found that the [P]etition lacked merit [and] grant[ed] counsel leave to withdraw.... [O]n February 3, 1993, the PCRA Court granted [Scaggs] leave to proceed pro se....

From that point forward, ... [Scaggs] acting pro se, engaged in periodic correspondence with the PCRA Court until February 25, 2005, at which time she filed a petition for assignment of counsel. On the same date, the PCRA Court appointed Dennis Elisco, Esquire, to represent [Scaggs}. Subsequently, on September 9, 2005, [Scaggs] filed ... [an] "Amendment for Withdrawal of Counsel Inter Alia Ineffective Assistance of Counsel," seeking to amend her prior petition to allege ineffective assistance on the part of Attorney Elisco [and] alleging that he had not notified her of his appointment [as] counsel. [Scaggs] acting pro se, filed a petition captioned "Amended Post Conviction Relief Act." Attorney Elisco filed a petition to withdraw as counsel and on January 27, 2006, the PCRA Court granted Attorney Elisco's petition to withdraw and appointed current counsel to represent [Scaggs].

On July 13, 2006, the Commonwealth filed a motion to dismiss the amended PCRA petition. The PCRA Court held a hearing on the petition addressing only the procedural posture of the petition and whether the Court should dismiss it as untimely. The PCRA Court dismissed the petition on the basis that [it] was time barred. [Scaggs] filed an appeal with the Superior Court ..., [which] held that [Scagg's] Petition was not time-barred and remanded the matter to the PCRA court to proceed further with the litigation on [Scagg's] petition...

After hearing argument from counsel, the PCRA Court denied Scagg's Petition on December 11, 2008. Scaggs then filed this timely appeal.

Scaggs raises the following issues for our review:

1. Did trial counsel, and subsequently appointed counsel, provide ineffective assistance in representing [Scaggs] at the trial court level, the appellate level, and during prior Petitions for Post-Conviction Relief?

2. Should the trial court have charged the jury on the offenses of both voluntary manslaughter and involuntary manslaughter?[2]

On October 29, 2009, the denial of post-conviction relief was affirmed.

Neither the docket of the Superior Court (2107 WDA 2008) nor the Pennsylvania Supreme Court (13WM 2010) disclose that the petitioner sought timely leave to seek relief in the latter Court. Rather, the Supreme Court docket reflects that on February 4, 2010, Scaggs filed a

---

[2] See: October 29, 2009 Memorandum of the Superior Court, attached to the petition, at pp.1-3.

petition for leave to file an application for allowance of appeal nunc pro tunc and that application was denied on July 13, 2010.

The instant petition was executed on June 29, 2011, and in it Scaggs contends she is entitled to relief on the following grounds:

> I. Petitioner's Fifth Amendment right to due process of law has been violated as a result of the ineffectiveness of counsel Daniel Herman in failing to request jury instructions of lesser degrees of homicide.
>
> II. Petitioner's Fourteenth Amendment right to proper representation has been violated due to trial/direct appeal counsel Daniel Herman not perfecting appeals.
>
> III. Petitioner's Sixth Amendment right[s] have been violated to have compulsory process for obtaining witnesses in her favor.
>
> IV. Petitioner's Fourteenth Amendment right to proper representation has been violated due to trial/direct appeal attorney Daniel Herman not perfecting appeals
>
> V. Petitioner's Fourteenth Amendment right to proper representation on first post collateral relief act was violated due to appellate attorney James Manolis failure to raise any of petitioner's claims.
>
> VI. Petitioner's Fifth Amendment right to due process of law has been violated in that appellate counsel Joseph Kearney was directed by [petitioner] to include all previous counsel under the ineffectiveness claim and to raise all claims of issues raised in amended PCRA.
>
> VII. Petitioner's Fifth Amendment right to due process of law has been violated in that the Superior Court determination was based on court decisions rendered after the petitioner's conviction and not on the law in effect at the time of the conviction.[3]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---
[3] See: Petition at ¶12.

3

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on January 3, 1991, and as a result her conviction became final on April 2, 1991 when the time in which to seek certiorari in the United States Supreme Court expired. The petitioner did not seek post-conviction relief until January 2, 1992, exactly a year after she could have done so. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on October 29. 2009, and leave to appeal nunc pro tunc to the Pennsylvania Supreme Court was not sought until April 2, 2010 and denied on July 13, 2010. The instant petition was executed on June 29, 2011 or over eleven months after it could have been submitted. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred. In addition, the grounds which the petitioner seeks to raise here do not set forth any basis for equitable tolling of that limitations period.

Because the instant petition is untimely, the petition of Marsha Scaggs for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 18th day of July 2011, for the reasons set forth in the foregoing Memorandum, the petition of Marsha Scaggs for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied;

AND IT IS FURTHER ORDERED that within fourteen (14) days of this date, the petitioner show cause, if any, why judgment should not be entered accordingly. Failure to do so will constitute a waiver of any appellate rights.

s/ Robert C. Mitchell
United States Magistrate Judge